UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE SPRUEL,<br><br>           Plaintiff,<br><br>   v.<br><br>SEATTLE CENTRAL COLLEGE,<br><br>           Defendant. | CASE NO. 2:24-cv-02100-JHC<br><br>ORDER |

# I
## INTRODUCTION

    This matter comes before the Court sua sponte. The Court has reviewed self-represented Plaintiff Michelle Spruel's original complaint (Dkt. # 6), amended complaint (Dkt. # 9), and the record. For the reasons discussed below, the Court DISMISSES the amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). And the Court GRANTS Plaintiff leave to further amend her complaint.

# II
## DISCUSSION

    On December 18, 2024, Plaintiff filed this case. Magistrate Judge S. Kate Vaughan granted Plaintiff in forma pauperis (IFP) status. Dkt. # 5. When reviewing an IFP complaint,

ORDER - 1

1  dismissal is warranted if the Court determines that it: "(i) is frivolous or malicious; (ii) fails to
2  state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant
3  who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Calhoun v. Stahl*,
4  254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
5  prisoners.").

6  Plaintiff asserts that the Court's jurisdiction is based on a federal question.[1] Dkt. # 9 at 3.
7  In her amended complaint, Plaintiff quotes the beginning of the Declaration of Independence,
8  says that "[t]he Office for Civil Rights (OCR) enforces Title VI of the Civil Rights Act of 1964,"
9  and cites a state law, RCW 28B.10.293. *Id.* at 3–4. But in Plaintiff's Motion for Request for
10 Injunction (filed before her amended complaint), she asserts that the "Equal Opportunity Act of
11 1974" is the basis of federal question jurisdiction. Dkt. # 7 at 3.

12 Plaintiff's amended complaint fails to state a claim under either the Civil Rights Act of
13 1964 or the Equal Educational Opportunities Act of 1974. Plaintiff contends in her original
14 complaint that Defendant Seattle Central College denied her request for her official transcript
15 due to a negative balance on her account. Dkt. # 6 at 3, 5. Plaintiff appears to assert that without
16 her official transcript, she was unable to receive federal student aid, which in turn prevented her
17 from obtaining post-graduation employment. *Id.* at 5; *see also* Dkt. # 9 at 6–7. Plaintiff does not
18 set forth the elements of a Civil Rights Act claim or an Equal Educational Opportunities Act
19 claim, nor does she allege facts upon which the Court may infer a plausible claim for relief.

---

[1] Plaintiff does not contend that the Court has diversity jurisdiction and, in any event, acknowledges that both parties are citizens of Washington state. Dkt. # 7 at 4.

ORDER - 2

# III
## CONCLUSION

For the foregoing reasons, the Court concludes that the amended complaint fails to state a claim upon which relief can be granted. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES the amended complaint without prejudice for failure to state a claim. The Court GRANTS Plaintiff leave until January 10, 2025 to file an amended complaint; such leave is limited to the claims dismissed here. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). The Court DENIES Plaintiff's Motion for Request for Injunction (Dkt. # 7) as moot.

Dated this 26th day of December, 2024.

John H. Chun
United States District Judge