UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE SPRUEL, | CASE NO. 2:24-cv-02100-JHC |
| Plaintiff, | ORDER |
| v. | |
| SEATTLE CENTRAL COLLEGE, | |
| Defendant. | |

# I
### INTRODUCTION

This matter comes before the Court sua sponte.  The Court has reviewed self-represented Plaintiff Michelle Spruel's second Amended Complaint, Dkt. # 15, and the record.  For the reasons below, the Court DISMISSES this matter without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).  Also, the Court DENIES without prejudice Plaintiff's motion to seal at Dkt. # 14.

/

/

/

/

ORDER - 1

## II
### Discussion

On December 18, 2024, Plaintiff filed this case. Magistrate Judge S. Kate Vaughan granted Plaintiff in forma pauperis (IFP) status. Dkt. # 5. On December 23, 2024, Plaintiff filed her complaint. Dkt. # 6. The same day, she filed her Amended Complaint. Dkt. # 9.

When reviewing an IFP complaint, dismissal is warranted if the Court determines that it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

On December 26, 2024, under Section 1915(e)(2)(B)(ii), the Court dismissed the Amended Complaint without prejudice for failure to state a claim. Dkt. # 12 at 3. The Court granted leave to amend. *Id.*

On January 10, 2025, Plaintiff filed the second Amended Complaint. Dkt. # 15. This pleading cites 42 U.S.C. Section 12101 (definition of disability). *Id.* at 3. But even liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it fails to state a claim under any federal or state law. It merely alleges,

> The Seattle Central Community College refused to provide my official transcripts. I tried paying for my transcripts and Seattle Central College denied my request due to owing fines denying me access into college.

*Id.* at 6.[1] The Court can hardly infer a plausible claim for relief from these allegations.

---

[1] Also, the Court's prior order limited leave to amend the complaint to the claims dismissed there. Dkt. # 12 at 3. The second Amended Complaint does not appear to follow this limitation.

ORDER - 2

## III
### Conclusion

For these reasons, the Court concludes that the second Amended Complaint fails to state a claim upon which relief can be granted. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES this matter without prejudice for failure to state a claim.

The Court DENIES without prejudice Plaintiff's motion to seal. Dkt. # 14. Plaintiff requests a full sealing of her second Amended Complaint. Upon review, the Court finds that the confidential information contained therein could be easily redacted.

Dated this 4th day of February, 2025.

John H. Chun
United States District Judge